CANAVAN, Nancy A., on behalf of herself and on behalf of all other persons similarly situated, Appellant,

v.

BENEFICIAL FINANCE CORPORATION and Beneficial Management Corporation.

No. 76–1772.

United States Court of Appeals, Third Circuit.

Argued Feb. 18, 1977.

Decided March 23, 1977.

---

Charles Sovel, Wayne, N. J., Howard A. Specter, Pittsburgh, Pa., Alan Epstein, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for appellant.

Harold A. Price, Willard Bergman, Jr., Schenck, Price, Smith & King, Morristown, N. J., for appellees.

Before SEITZ, Chief Judge, and VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiff, Nancy Canavan, appeals from an order granting defendants' 12(b)(6) motion to dismiss her complaint for lack of subject matter jurisdiction.

Rather than answer the complaint in the district court, defendants filed a motion to dismiss accompanied by affidavits and exhibits. Plaintiff had an opportunity to file an opposing brief, but advised the district court that she was unable to do so without an opportunity to proceed with discovery on the factual allegations concerning jurisdiction raised in defendants' affidavits. She therefore requested that the court withhold decision on the motion pending discovery. The court refused this request because it thought that "[a]dditional discovery may further illustrate but will not cure a problem which is already sufficiently crystallized."

The complaint contained three counts: count I charged defendants with violating Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; count II alleged a conspiracy on the part of defendants to deprive plaintiff and others similarly situated of equal employment opportunities in violation of 42 U.S.C. § 1985(3); and count III sought relief under § 4 of the Clayton Act for a violation of § 1 of the Sherman Act. While the court dismissed the entire complaint on jurisdictional grounds the defect identified by the court related solely to count I. In their brief defendants have avoided making any contention regarding lack of jurisdiction on the remaining counts. It therefore appears that there is no record basis whatsoever for dismissal of counts II and III at this time and the court erred in dismissing those counts on this record. We, of course, express no view as to whether on remand counts II and III could withstand a 12(b)(6) motion to dismiss for lack of subject matter jurisdiction; we only hold that

there is no basis in the record on this appeal upon which the dismissal could be sustained.

We now turn to the Title VII claim which was the basis for the district court's opinion that it lacked subject matter jurisdiction over the action.

In count I of her complaint, plaintiff alleged that she was employed by Beneficial Finance Corporation and/or Beneficial Management Corporation (Management) from 1951 through March 1975. Beneficial Finance Corporation was alleged to be a Delaware Corporation engaged in the business of "consumer financial services" through approximately 1800 offices nationally. Management was alleged to be a wholly-owned subsidiary of Beneficial Finance Corporation which is engaged in the business of providing supervision, cost, audit, accounting and other services to its parent. An officer of Beneficial Corporation filed an affidavit which alleged that there is no "Beneficial Finance Corporation," but that Beneficial Corporation (Beneficial), which is a holding company maintaining stock ownership of numerous local finance company subsidiaries, was probably intended to be named by plaintiff.

The allegations of sex discrimination against plaintiff were that her seniority was calculated in a discriminatory manner "for a number of years," that during the period of her employment she was not given an opportunity to train for a management position though she performed managerial duties, and that in February 1975 her request to fill a vacancy as an assistant manager was denied. Plaintiff also alleged

that she had satisfied all conditions precedent to filing suit in district court and appended a copy of the right-to-sue letter issued by the EEOC.

From an affidavit filed by Bernard McCrory, the manager of Beneficial Finance Company of Allegheny County (Allegheny), it appears that the February 1975 incident alleged by plaintiff occurred while plaintiff was an employee of Allegheny which is a wholly-owned subsidiary of Beneficial engaged in the consumer loan business in Pittsburgh. The affidavit also listed seven different Beneficial subsidiaries in the Pittsburgh area for whom plaintiff worked from 1951 to 1975 with the dates of employment and termination of each. McCrory attached an employment contract between Management and plaintiff which was executed on November 19, 1974 and which by its terms was assignable to any Beneficial affiliate.[1] McCrory indicated that "[t]he practice of consumer finance subsidiaries in the Pittsburgh area is to have an employee enter into an employment contract with Beneficial Management Corporation. Immediately thereafter, and pursuant to the terms of the aforesaid contract, the local consumer finance subsidiary for whom the individual will be working is designated as the employer in a Rider to the employment contract." McCrory attached a copy of a Rider agreement by which plaintiff had been assigned to Allegheny on January 13, 1975.

McCrory also attached a copy of plaintiff's charge of discrimination which had been filed with the EEOC, the relevant portion of which appears on the following page:

---

1. Paragraph 1 of the employment contract states:

   That as used in this contract the word "Employer" shall include Beneficial Management Corporation, incorporated under the laws of the State of Delaware, or any company or agency that may be designated by it or its duly authorized representative. The Beneficial Management Corporation may designate any company or agency of any kind affiliated with,

or owned, operated, or supervised by said corporation, and any and all parent, general holding, or other companies or interest connected therewith. Compliance by myself with any such designation or modification shall constitute acceptance thereof. All of the terms hereof shall be taken to be for the joint and several benefit of said corporation and/or said companies, agency and/or interests.

LIST THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST YOU (If more than one, list all)

TELEPHONE NO. (Include area code)

Beneficial Finance Corp.                          412-281-5810

STREET ADDRESS            CITY, STATE, AND ZIP CODE
411 Wood Street           Pittsburgh, PA  15222

OTHERS WHO DISCRIMINATED AGAINST YOU (If any)
Beneficial Management Corp.

Beneficial Building, Morristown, New Jersey

Over 15                                            Feb. 5, 1975 & cont.

Respondent has discriminated against me in the terms of lay-off and recall, denial of restoration of benefits, seniority, promotion and wages and Respondent's corporate policy discriminates against females as a class by failing to hire or promote females into management positions.

An officer of Management filed an affidavit which indicated that one of the staff services it provides to Allegheny and other consumer finance subsidiaries of Beneficial is the calculation of seniority and that it had calculated plaintiff's seniority for Allegheny.

On the basis of the complaints and affidavits, it therefore appears that plaintiff filed a charge with the EEOC naming Allegheny as a discriminating employer,[2] but also naming Management as one who had discriminated against her. On the other hand, her court complaint named Management and Beneficial Finance Corporation, a nonexistent corporation, as defendants, but did not name Allegheny as a defendant.[3] The district court ruled that "[s]ince neither defendant was designated as plaintiff's employer on the EEOC charge"[4] it lacked jurisdiction over both, and that because more than 90 days had elapsed since notification of the right to sue, plaintiff could not commence an action against Allegheny.

### I.

■ The law is clear that civil litigation under 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975)[5] is not available to one who has entirely bypassed the EEOC thereby depriving it of an opportunity to investigate and conciliate, e. g., *Richardson v. Miller*, 446 F.2d 1247 (3d Cir. 1971), but that the failure of the EEOC to notify the discriminating employer or to attempt conciliation is not a bar to suit by the aggrieved employee. *E.g., Fekete v. United States Steel Corp.*, 424 F.2d 331 (3d Cir. 1970). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Although the law of this circuit has not yet developed beyond these general rules, plaintiff cites a number of cases from other jurisdictions which, on a fully developed factual record, arguably would, if followed in this circuit, apply in this case to permit plaintiff's suit to go forward. We canvass these cases not to endorse or reject the rules which they announce, but only to indi-

2. *See* note 3 *infra.*

3. Plaintiff actually named "Beneficial Finance Corporation" both as a respondent in the charge and as a defendant in her complaint. The address and telephone number listed in the charge are those for Allegheny, however, indicating that plaintiff may have intended to name Allegheny as the respondent in the charge. The description of "Beneficial Finance Corporation" in her complaint as a Delaware Corporation with 1800 offices nationally, indicates that plaintiff may have intended to name Beneficial as a defendant in the complaint.

4. The court also said that "neither defendant received notice of the proceeding before the Commission," but there appears to be nothing of record to support this statement.

5. 42 U.S.C. § 2000e–5(f)(1) provides *inter alia*: [The EEOC] shall so notify the person aggrieved and within ninety days after giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ..

cate the possibilities which denial of discovery foreclosed.

### A. Amendment of Complaint to Name Allegheny as a Party Defendant.

■ Since Allegheny was named as a discriminating employer in the charge, suit could have been brought against it within 90 days after notice of the right to sue was given. 42 U.S.C. § 2000e–5(f)(1). Although the 90-day period has expired, some courts have held that § 2000e–5(f)(1) does not bar an amendment changing a party defendant when the requirements of Fed.R.Civ.P. 15(c) have been met. *Hairston v. McLean Trucking Co.,* 62 F.R.D. 642, 661 (M.D.N.C. 1973), *vacated and remanded on other grounds,* 520 F.2d 226 (4th Cir. 1975); *cf. Bernstein v. National Liberty International Corp.,* 407 F.Supp. 709, 713 (E.D.Pa.1976). The fact that McCrory, the manager of Allegheny, stated that he visited the Pittsburgh office of the EEOC to obtain a copy of the charge against it on January 20, 1976 soon after the complaint was filed indicates that he might have had knowledge of the suit filed against his corporate affiliates within 90 days of the right to sue notification. ·Moreover, his affidavit asking the court to dismiss the suit against his corporate affiliates and defending his February 1975 decision not to promote plaintiff bear on the Fed.R.Civ.P. 15(c) issues. Plaintiff was entitled to discovery on these issues.

### B. Whether Management was Adequately Named In the Charge.

It has been recognized generally that EEOC charges should be liberally construed because they are preferred by laymen and are usually prepared without legal assistance. *E. g., Wetzel v. Liberty Mutual Insurance Co.,* 511 F.2d 199, 202 (3d Cir. 1975), *vacated on jurisdictional grounds,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). *See Love v. Pullman,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). There may well be a substantial question as to whether by listing Management as one who

had discriminated against her, plaintiff adequately apprised the EEOC of Management's involvement affording the EEOC an opportunity to investigate and conciliate the charge of discrimination.· Plaintiff's charge indicated that she had been discriminated against in assignment of seniority status and Management indicated that it calculated plaintiff's seniority. It is therefore arguable that a reasonable EEOC investigation would have uncovered Management's involvement. *See Kaplan v. International Alliance of Theatrical and Stage Employees,* 525 F.2d 1354, 1358–59 (9th Cir. 1975). Moreover, without an opportunity to conduct discovery, plaintiff has been unable to show whether the EEOC actually investigated the charge or gave notice of the charge to Management. *See, e. g., Hairston, supra* 62 F.R.D. at 661.

On appeal, defendants contend that their affidavits demonstrate that they were not employers of plaintiff and that the court lacks jurisdiction over non-employers other than labor organizations or employment agencies. 42 U.S.C. § 2000e–2. The legal proposition advanced by defendants is arguable, *see, e. g., Hairston, supra* 62 F.R.D. at 662–63, and should be considered by the district court in the first instance. Moreover, accepting defendants' theory arguendo, their affidavits suggest several possible bases upon which defendants' theory would be inapplicable here. For example, after discovery plaintiff may be able to show that in hiring plaintiff, calculating her seniority and assigning her to Allegheny (and presumably to other Beneficial subsidiaries over the years), Management acted as an agent of an employer or as an employment agency.[6] 42 U.S.C. § 2000e(b) & (c).

### C. Whether a Party not Named in the Charge may be Joined as a Party Defendant.

Assuming that jurisdiction exists as to at least one party, could other parties not named in the charge be joined under circumstances in which the Federal Rules oth-

---

**6.** *See* note 1 *supra.*

erwise permit their joinder? Some courts have held that 42 U.S.C. § 2000e–5(f)(1) does not displace the liberal joinder provisions of the federal rules. *Evans v. Sheraton Park Hotel*, 164 U.S.App.D.C. 86, 503 F.2d 177 (1974), for example, held that joinder of a party not named in the charge pursuant to plaintiff's rule 19(a) motion did not destroy subject matter jurisdiction, and *Torockio v. Chamberlain Manufacturing Co.*, 51 F.R.D. 517 (W.D.Pa.1970) (Weis, J.), held that joinder under Rule 21 of a party not named in the charge upon defendant's rule 19(a) motion did not destroy subject matter jurisdiction. Other courts have held to the contrary in similar circumstances. *E.g., Lebeau v. Libbey Owens Ford Co.*, 484 F.2d 798 (7th Cir. 1973), while others have permitted joinder of parties not named in the charge for limited purposes. *E. g., EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1012 (6th Cir. 1975). The district court has not squarely faced the legal issue suggested by these cases, and plaintiff has not been afforded an opportunity to discover the facts upon which it might premise an argument that, assuming jurisdiction over Allegheny was present, joinder of Beneficial and Management was proper.

Several courts which have regarded § 2000e–5(f)(1) as strictly jurisdictional requiring that each party named in the complaint have been named as a respondent before the EEOC, have held nevertheless that that requirement is satisfied when the party named adequately represented before the EEOC the interests of those not named in the charge. *See, e. g., Hardison v. Trans World Airlines*, 375 F.Supp. 877, 880 (W.D. Mo.1974), *aff'd and rev'd in part on other grounds*, 527 F.2d 33 (8th Cir. 1975); *Chastang v. Flynn & Emrich Co.*, 365 F.Supp. 957, 961–64 (D.Md.1973), *aff'd and rev'd in part on other grounds*, 541 F.2d 1040 (4th Cir. 1976). *But see Jackson v. University of Pittsburgh*, 405 F.Supp. 607, 615–18 (W.D. Pa.1975). Because the existence of an agency relationship hinges largely on the particular facts of each case, discovery was essential to the preparation of an agency theory argument in this case.

## II.

With the possibilities for establishing jurisdiction over the defendants recognized in other jurisdictions in mind, we consider whether it was proper for the district court to have dismissed plaintiff's claim without having permitted discovery. We recognize that it is possible to state a rule either affirming or reversing the district court on its jurisdictional ruling, but we think it inappropriate to do so. Instead we vacate the order of dismissal and remand to the district court to permit the parties full discovery of jurisdictional facts before it considers renewed motions for dismissal on jurisdictional grounds.

Before the plaintiff is nonsuited on technical jurisdictional grounds, she should have an opportunity to marshal facts which would permit the district court and this court to consider the important legal questions raised in their proper perspective. The strong federal policy against piecemeal appellate review, *Catlin v. United States*, 324 U.S. 229, 233–34, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939), would be ill-served, if we were to permit the district court to deprive the parties of the opportunity to make a factual record sufficiently broad to assure that all of their contentions can be disposed of on one appeal. Ordinarily "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975).

We hold that refusal of the district court to permit plaintiff discovery of jurisdictional facts was inconsistent with the sound exercise of judicial discretion. Our discussion of the jurisdictional issues in this opinion was for illustrative purposes only and should not be construed as confining the scope of discovery or argument as to the existence *vel-non* of jurisdiction on remand.

The order of the district court dismissing the action will be vacated and the case remanded for further proceedings consistent with this opinion.