**Lois STRINGER, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF COMMUNITY AFFAIRS, BUREAU OF HUMAN RESOURCES, Commonwealth of Pennsylvania, Department of Community Affairs, Personnel Office, James R. Colston, Supervisor, Department of Community Affairs, Bureau of Human Resources, David Messner, Chief Evaluation and Fiscal Management, Department of Community Affairs, Michael Epoca, Director, Department of Community Affairs, Personnel Office, Defendants.**

Civ. A. No. 77–478.

United States District Court, M. D. Pennsylvania.

March 14, 1978.

Cooper & Butler, Bruce E. Cooper, Harrisburg, Pa., for plaintiffs.

Howard M. Levinson, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

In this sex discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Plaintiff alleges that her refusal of sexual advances made to her by her supervisor resulted in unjustified criticism, harassment and eventual dis-

charge from her employment with the Pennsylvania Department of Community Affairs. Defendants have moved for summary judgment on a variety of grounds.

■ Initially, we need look no further than the recent case of *Tomkins v. Public Service Electric & Gas Co.*, 568 F.2d 1044 (3d Cir. 1977) to conclude that the facts alleged in the complaint state a cause of action. In *Tomkins* the Court specifically stated that:

"... Title VII is violated when a supervisor, with the actual or constructive knowledge of the employer, makes sexual advances or demands toward a subordinate employee and conditions that employee's job status—evaluation, continued employment, promotion, or other aspects of career development—on a favorable response to those advances or demands, and the employer does not take prompt and appropriate remedial action after acquiring such knowledge."

At 1048.

Secondly, Defendants contend that this Court lacks jurisdiction of this controversy due to Plaintiff's failure to seek an administrative remedy through the Pennsylvania Human Relations Commission (PHRC). Plaintiff filed her charge with the Equal Employment Opportunity Commission (EEOC) well within the one hundred eighty-day period prescribed by 42 U.S.C. § 2000e–5(e).[1] Defendants suggest, however, that the EEOC never acquired jurisdiction because the PHRC was not first given an opportunity to act on the charges, as required by 42 U.S.C. § 2000e–5(c):

"In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expi-

---

1. The last discriminatory act alleged to have occurred was the firing of Plaintiff on May 28, 1975. The charge was filed with the EEOC on October 29, 1975.

ration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated."

 It is true that where a state administrative remedy is available, it must be pursued before a valid charge can be filed with the EEOC. *Equal Employment Opportunity Commission v. Union Bank*, 408 F.2d 867 (9th Cir. 1968). However, at the time Plaintiff filed her charge with the EEOC there was no longer any state remedy available, as the ninety-day filing period prescribed in the Pennsylvania Human Relations Act, 43 P.S. § 959, had expired. Plaintiff should not be compelled to go through the futile gesture of filing a complaint with the PHRC that would inevitably be rejected as untimely before seeking relief under the federal act. Nor should Plaintiff's federal statutory rights be foreclosed by her failure to file within the significantly shorter state limitation period. *Davis v. Valley Distributing Co.*, 522 F.2d 827 (9th Cir. 1975); cf. *Occidental Life Ins. Co. v. Equal Employment Opportunity Commission*, 433 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Accordingly, we conclude that the administrative prerequisites to this Court's jurisdiction have been met.

■ Defendants Colston, Messner and Epoca have moved to dismiss on the grounds that they were not named in Plaintiff's charge before the EEOC, and thus are not within the Court's jurisdiction in a suit arising from that charge. The Court of Appeals for this circuit has recently suggested, in *Canavan v. Beneficial Finance Corp.*, 553 F.2d 860 (3d Cir. 1977), that a party not specifically named in a charge to the EEOC might nonetheless be amenable to suit if it can be shown that he had notice that his acts were under investigation by the EEOC and his interests were adequately represented during such investigation. Whether Defendants Colston, Messner and Epoca had such notice and representation during the EEOC investigation of these charges is not apparent at this state of the litigation. Pursuant to *Canavan*, supra, the motion to dismiss the claims against these Defendants will be denied at this time so that Plaintiff will have the opportunity to develop jurisdictional facts through discovery. The Court will again consider the question of its jurisdiction over the individual Defendants on renewed motions prior to trial.

■ Finally, Defendants move to dismiss Plaintiff's pendent state claims for tortious infliction of mental distress and tortious interference with contract on the grounds that they are barred by the applicable statute of limitations. We agree with Defendants that both of these claims are subject to the two-year limitation period applicable to suits for "injury wrongfully done to the person," 12 P.S. § 34. Thus, since the complaint was filed more than two years after the last alleged discriminatory act, these claims are time barred and will be dismissed.