**Mary Louise HARRIS, Plaintiff,**

v.

**FIRST NATIONAL BANK OF HUTCHINSON, KANSAS, et al., Defendants.**

**No. 84–4135.**

United States District Court, D. Kansas.

Aug. 17, 1987.

Fred W. Phelps, Sr., Fred W. Phelps, Jr., Phelps–Chtd., Topeka, Kan., for plaintiff.

Sloan, Listrom, Eisenbarth, Sloan & Glassman, Michael J. Francis, Deanne Watts Hay, Topeka, Kan., J. Stanley Hill, Branine, Chalfant, Hill & Nugent, Hutchinson, Kan., for defendants.

Stinson, Mag & Fizell, Kansas City, Mo., for First Nat. Bank of Hutchinson.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an employment discrimination action which is before the court upon three motions for summary judgment. Plaintiff is a white female who was 55 years old at the time this case was filed. She alleges she was constructively discharged from her employment with the First National Bank of Hutchinson. She also alleges discrimination in pay during her employment at the Bank. She has brought claims under Title VII of the Civil Rights Act of 1964 alleging sex discrimination and retaliation for opposing practices made unlawful by Title VII. Plaintiff also claims a cause of action under 42 U.S.C. § 1981 for retaliation for supporting equal employment opportunity. Plaintiff has also asserted claims under the Equal Pay Act for sex discrimination and under the Age Discrimination in Employment Act for age discrimination. The defendants in this case are: the First National Bank of Hutchinson; Nation Meyer, the chairman of the board of the Bank; R.A. Edwards, president and chief executive officer of the Bank; and Don Adams, senior vice president of the Bank. The three summary judgment motions are focused against: plaintiff's constructive discharge claim; her retaliation claim; and her claims against Nation Meyer.

The standards for deciding summary judgment motions are well-established. The movants, in this case the defendants, have the burden of establishing that there is an absence of evidence favoring the nonmoving party for a jury to return a verdict for that party. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (citations omitted). In *Celotex Corp. v. Catrett,* 477 U.S. 242, 106 S.Ct. 2505, the Court held that the party who bears the burden of proof on an issue at trial must, in responding to a proper motion for summary judgment, "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 106 S.Ct. at 2510. If he has had sufficient time for discovery, he must "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 2511 (quoting FED.R. CIV.P. 56(e)). Of course, the record is reviewed in a light most favorable to the nonmoving party. *McClelland v. Facteau,* 610 F.2d 693, 697 (10th Cir.1979).

Before discussing the summary judgment motions in detail, the court notes that defendants have objected to a supplemental response to the motions filed on behalf of plaintiff long after the original memoranda, response memoranda and reply memoranda were filed. Defendants have requested that the court strike the supplemental response or grant defendants time to respond. Since the filing of the supplemental response, the court held oral argument concerning the summary judgment motions. The court believes defendants have had an opportunity to reply to the supplemental response and that consideration of the response would not be unduly prejudicial to defendants. Therefore, defendants' motion to strike shall be denied.

The following uncontroverted facts provide a background for the consideration of the summary judgment motions. Plaintiff started with the Bank as a secretary who had personnel duties assigned to her. She started in 1973. In October 1974, plaintiff's title was changed to personnel officer, although she still maintained non-personnel duties. Defendant Edwards became president and chief executive officer (CEO)

of the Bank in October 1981. He replaced defendant Meyer as CEO, although Meyer remained chairman of the board of the Bank. One of the changes Edwards made after he became CEO of the Bank was to upgrade plaintiff's position so that she was considered an officer of the Bank. She started to report directly to Edwards. However, until plaintiff complained, she was paid approximately $2,000.00 less than the lowest salary on the Bank's scale for officers of her level (grade four). Plaintiff was given a raise to the lowest salary for grade four officers after she made her complaint. About the same time (January 1983), plaintiff was told to stop reporting directly to Edwards. Defendants assert that this change was made because Edwards had to devote increasing attention to loan problems. Defendants note that other officers at the Bank were also instructed to report to someone other than Edwards. Defendants also argue that plaintiff was told that this change was temporary until the loan picture improved. Plaintiff felt her status was reduced as a result of this change. At the same time, plaintiff felt that her job responsibilities were diminishing so that she no longer had input in job interviews, salary and title decisions, as well as training.

In March 1983, plaintiff received a performance appraisal indicating she "almost attains expectations (is improving)." This was the next-to-bottom rating on a five-point scale. Other officers received a similar rating. Plaintiff was upset by this rating and was not satisfied by the responses she received when she questioned Bank officials about it. Plaintiff resigned from the Bank effective June 15, 1983. A memo to other Bank employees announcing plaintiff's resignation indicated no hard feelings and that plaintiff was looking forward to leisure activities. But, in an exit interview, plaintiff stated that she felt forced to resign.

During her employment at the Bank, plaintiff expressed concern that the Bank was not paying female employees fairly. In 1980, the Bank was investigated by the Equal Employment Opportunity Commission (EEOC) regarding disparities in pay among employees. The complaint alleges that the EEOC found discrimination. Plaintiff asserts that Bank officials were not happy with plaintiff's role in the investigation. Plaintiff further asserts that several Bank officers discouraged her from pressing affirmative action and from giving blacks employment opportunities in various departments and branches of the Bank. These last allegations are not denied for the purposes of the summary judgment motions.

After Edwards became CEO, defendant Meyer was no longer a "hands on" administrator within the Bank. In a memo announcing Edwards' election as CEO, defendant Meyer stated:

My role at the bank will be that of an active Director and member of the management team. I intend to be here most every day but the primary responsibilities will rest with R.A. Edwards and Chuck Lear.

Defendant Meyer was not named as a respondent or mentioned in the EEOC complaint filed by plaintiff as a predicate to her Title VII claim. Defendants allege without contradiction that plaintiff's counsel forwarded the EEOC complaint for filing.

■ *Constructive discharge.* One of the motions at issue is directed against plaintiff's constructive discharge claim. The Tenth Circuit recently clarified its standard for a constructive discharge. "A finding of constructive discharge depends upon whether a reasonable person would view the working conditions as intolerable, not upon the subjective view of the employee-claimant." *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir.1986) quoting *Irving v. Dubuque Packing Co.*, 689 F.2d 170 (10th Cir.1982). It is also clear from *Derr* that a constructive discharge claim may be made regardless of whether the employer intended to make the employee quit.

We assume for the purposes of this motion that plaintiff was being paid unfairly; that she received an unfair performance evaluation; that her superiors did not respond reasonably to her concerns about her evaluation; that her job status and respon-

sibilities had diminished; that she had to complain to receive a salary at the bottom end of the range of salaries for officers in her position; and that ·her replacement shortly received better pay and had better job status. We also assume for the purposes of this motion that plaintiff was receiving the highest salary she had ever received as a Bank employee at the time of her resignation; that she had not been demoted at least as far as her title was concerned; that her job duties and status were not less than what she had held at other points in her employment history at the Bank; and that other employees had received similar evaluations or reporting assignment changes, but did not resign.

■ "The finding of a constructive discharge must be justified by the 'existence of certain aggravating factors.'" *Cockrell v. Boise Cascade Corp.*, 781 F.2d 173, 177 (10th Cir.1986) (quoting *Irving v. Dubuque Packing Co., supra,* 689 F.2d at 173). An aggravating factor could be a history of discriminatory acts. *Noland v. Cleland, supra,* 686 F.2d at 812–13; *Clark v. Marsh,* 665 F.2d 1168 (D.C.Cir.1981). An atmosphere of hostility to an employee creating an employee's loss of confidence or humiliation could be an aggravating factor. *Goss v. Exxon Office Systems, Inc.*, 747 F.2d 885, 888–89 (3d Cir.1984); *Clark v. Marsh, supra,* 665 F.2d at 1175. A pattern of discriminatory behavior, as opposed to an isolated act, may be an aggravating factor permitting the inference of a constructive discharge. *Calhoun v. Acme Cleveland Corp., supra,* 798 F.2d at 563.

■ After reviewing the record submitted to the court, we believe there is sufficient evidence of such aggravating factors as a history of discrimination, hostility, and attacks upon plaintiff's confidence as an employee to create a jury issue as to whether plaintiff's working conditions were intolerable as viewed by a reasonable person. Therefore, defendants' motion for summary judgment against the constructive discharge claim shall be denied.

■ *Retaliation.* Defendants contend that plaintiff's claim of retaliation under § 1981 should be dismissed because plaintiff cannot prove that she engaged in protected activity. For plaintiff to have a cause of action for retaliation under § 1981, she must prove that she engaged in activity protected by § 1981, that an adverse employment action followed, and that there was a causal connection between the two. *Goff v. Continental Oil Co.,* 678 F.2d 593, 599 (5th Cir.1982). The alleged protected activity in this instance is plaintiff's support for affirmative action and equal opportunity in employment for racial minorities. Defendants argue that there is no proof that plaintiff *opposed* the denial of equal opportunity in employment for racial minorities. Defendants further argue that support for affirmative action is not protected activity as it amounts to preferential treatment according to race, rather than equal treatment. Cf., *Holden v. Owens–Illinois, Inc.,* 793 F.2d 745 (6th Cir. 1986) (attempts to implement affirmative action plan does not qualify as protected activity under "opposition clause" of Title VII). Plaintiff contends that while her opposition to racial discrimination was perhaps understated because of her desire not to disrupt the working environment, it was nevertheless real.

The court believes there is adequate support in the record for the contention that plaintiff supported equal employment opportunities for racial minorities within the Bank. The court further believes this support for equal employment is the same as opposition to racial discrimination and, therefore, it is protected activity under § 1981. Adverse employment action allegedly occurred at the same time or following plaintiff's support of equal employment opportunity. Proof of a link between the adverse action and plaintiff's protected conduct (the final element of plaintiff's § 1981 claim) is not seriously challenged in the motion for summary judgment. Accordingly, the court holds that plaintiff has demonstrated sufficient support for the elements of her § 1981 action challenged by defendants to warrant denial of defendants' summary judgment motion.

*Nation Meyer.* Defendant Meyer has moved for summary judgment against all

claims made against him. This motion presents a factual and a legal issue. The fact issue is whether there is proof that Meyer participated in the alleged wrongful conduct against plaintiff. The legal issue is whether the failure to name Meyer as a respondent in plaintiff's EEOC charge is fatal to the Title VII and ADEA claims against Meyer. A question also arises concerning the viability on an Equal Pay Act claim against this defendant.

As regards the factual issue, plaintiff does not dispute that she was not under defendant Meyer's direct supervision after Edwards became CEO in October 1981. She does not deny that as chairman of the board, defendant Meyer did not directly supervise any employee of the Bank. Nor does plaintiff deny that defendant Meyer's approval was not needed for any termination of employment. The question becomes whether plaintiff who, at trial, must prove defendant Meyer's participation in the alleged wrongful conduct, can demonstrate a genuine fact issue as to his participation at this point.

Plaintiff points out that defendant Meyer stated in an announcement of Edwards' election as CEO that Meyer would be "an active Director and member of the management team" and that he would be at the Bank "most every day." Plaintiff also has sworn in an affidavit that defendant Meyer was a member of a personnel committee up to the time that plaintiff was allegedly constructively discharged by the Bank. Plaintiff has further sworn that the personnel committee made decisions concerning salaries of officers and other personnel matters relating to officers. Plaintiff has stated that on one occasion defendant Meyer instructed her to increase the salary of an officer of the Bank, although the date of this occurrence is not mentioned. Plaintiff has also sworn that defendant Meyer was a member of an executive committee which made policy for the Bank and that Meyer had daily discussions with Edwards about bank matters.

■ The court does not believe plaintiff's evidence is sufficient to create a jury issue as to defendant Meyer's participation in the alleged wrongful conduct after October 1981. Meyer's own statement with regard to his role at the Bank, as well as his membership on the executive committee or daily discussions with the CEO, are insufficient to show involvement in the particular employment decisions regarding plaintiff. Membership on a personnel committee also proves nothing unless the personnel committee took action affecting plaintiff. Plaintiff has had the opportunity to depose defendant Meyer, members of the personnel committee, and other Bank officers. Apparently, these depositions have not produced direct evidence showing that, after Edwards became CEO, Meyer participated in the job decisions of which plaintiff now complains. While circumstantial evidence is sufficient in many cases to produce a jury issue in employment discrimination cases, the court believes the evidence of Meyer's service on a personnel committee or input as to Bank operations is too vague or general to permit an inference that he participated in the specific employment decisions in question. See *McAdoo v. Toll*, 591 F.Supp. 1399, 1404–05 (D.Md.1984). While defendant Meyer was CEO at the Bank, he may have had personal participation in discriminatory acts against plaintiff. But, relief under Title VII, ADEA, and § 1981 for actions which occurred before November 1981 (when Meyer was CEO) is time-barred, unless a continuing violation can be demonstrated.

■ Defendant Meyer further argues that he cannot be responsible for the asserted violation of the Equal Pay Act because the only relevant salary comparison which can possibly be made is with plaintiff's replacement who, of course, was not hired or supervised by defendant Meyer. The court rejects this argument. Assuming that an Equal Pay Act violation can be demonstrated by comparing plaintiff's salary with her successor (see *Clymore v. Far-Mar-Co., Inc.*, 709 F.2d 499 (8th Cir.1983)), the court does not believe this means that the violation occurred at the time of plaintiff's replacement but not prior to her replacement. There is a three-year statute of limitations for willful violations of the

Equal Pay Act. As applied to this case, the three-year period includes part of defendant Meyer's tenure as CEO, when he may have been responsible for plaintiff's salary. On the basis of this reasoning, the court refuses to dismiss the Equal Pay Act claim against defendant Meyer.

■ The court shall further hold that the administrative requirements for a claim against defendant Meyer under the ADEA and Title VII have not been accomplished. It is undisputed that plaintiff's counsel submitted an administrative charge to the EEOC which did not list defendant Meyer as a respondent or mention defendant Meyer in the substance of the charge. "Generally, a party not named in an EEOC charge is not subject to suit in a private civil action for the same conduct complained of in the charge." *Haag v. Board of Education,* 655 F.Supp. 1267, 1273 (N.D.Ill.1987). Of course, courts recognize exceptions to this general rule. As the Tenth Circuit stated in 1980:

> Some courts have recently recognized narrow exceptions to the strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge where the defendant was informally referred to in the body of the charge, *Shehadeh v. Chesapeake & Potomac Telephone Co.,* 193 U.S.App.D.C. 326, 595 F.2d 711 (D.C.Cir. 1978); *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee,* 440 F.Supp. 506 (N.D.Cal.1977); *Hanshaw v. Delaware Technical & Community College,* 405 F.Supp. 292 (D.Del.1975), or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir.1977); *Williams v. Massachusetts General Hospital,* 449 F.Supp. 55 (D.Mass.1978); *Stringer v. Pennsylvania,* 446 F.Supp. 704 (M.D.Pa.1978); *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963 (E.D.Pa.1977). The court in *Glus* was convinced Congress did not intend that a complainant must ascertain

at the time of filing charges each individual in a company who might be involved in the alleged discriminatory practices. Oftentimes such information would not be uncovered until the EEOC investigation.

■ Although this court has not previously addressed the issue, we are inclined to agree that omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII. Four factors are listed in *Glus* as pertinent to an evaluation of the failure to name a party before the EEOC:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

562 F.2d at 888. Depending on the facts, additional factors may be relevant. *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311–12 (10th Cir.1980).

This court believes that, unless the "narrow exceptions" were meant to swallow up the general rule, enforcement of the requirement of naming defendants in Title VII and ADEA suits as respondents in EEOC charges is necessary in cases such as this. Here, counsel for plaintiff filed the EEOC charge. Thus, one of the reasons for the exceptions described in *Glus v. G.C. Murphy Co., supra,* (i.e., the protection of complainants filing charges without the aid of counsel) is missing. Moreover, plaintiff was not unfamiliar with the officers, chain of command and operation of the Bank. She listed other officers as respondents. She could have listed Nation

Meyer. He was not an obscure party to plaintiff whose role could not be ascertained at the time of the EEOC complaint. Although the interests of all defendants in an employment discrimination case are usually similar, the court cannot say that the interests of defendant Meyer are so similar to those of the other respondents that it would be unnecessary to list him as a party for the purposes of EEOC proceedings. Assuming that the interests of Meyer and the persons named in the EEOC charge *are* similar, however, it does not appear that Meyer had an opportunity to conciliate this dispute through the EEOC or that the EEOC contacted him or investigated his role in the asserted violations. Hence, defendant Meyer may have suffered some prejudice from the failure of plaintiff to name him in the EEOC charge. At the very least, the purpose of the administrative proceedings was thwarted. Finally, there is no indication that plaintiff or plaintiff's counsel was informed that there was no need to name defendant Meyer because naming the Bank would suffice. For these reasons, and including the fact that defendant Meyer is not named in the substance of the EEOC charge, the court believes this case is distinguishable from other cases decided in this district where the exception to the requirement of naming Title VII defendants in an EEOC charge has been applied. Therefore, the Title VII and ADEA claims should be dismissed against defendant Meyer. See *Thompson v. International Ass'n of Machinists,* 580 F.Supp. 662, 669 (D.D.C.1984); *Medina v. Spotnail, Inc.,* 591 F.Supp. 190, 193 (N.D. Ill.1984); *Curtis v. Continental Illinois National Bank,* 568 F.Supp. 740, 743–44 (N.D.Ill.1983).

In conclusion, the motions for summary judgment against plaintiff's retaliation and constructive discharge claims are denied. Defendant Meyer's motion for summary judgment is granted as to all claims but plaintiff's Equal Pay Act claim.

IT IS SO ORDERED.