**Betty RATHKE, Plaintiff,**

v.

**HCA MANAGEMENT COMPANY, INC., and Newman Memorial County, Hospital Board, Defendants.**

**Civ. A. No. 89–4128–S.**

United States District Court, D. Kansas.

Aug. 7, 1990.

Steven M. Dickson, Dickson & Pope, P.A., Topeka, Kan., for plaintiff.

Thomas L. Theis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant, HCA Management, Inc., to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This is an age discrimination action filed under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title 29, United States Code, Section 621, *et seq.* Subject matter jurisdiction is invoked by the plaintiff in accordance with 29 U.S.C. § 626(d) and § 633(b).

The relevant facts for purposes of this motion appear to be as follows. On June 26, 1987, plaintiff, Betty Rathke ("Rathke"), age 61, was discharged from her employment at Newman Memorial County Hospital ("NMCH"). Rathke had been employed with NMCH for 20 years at the time of her termination. Rathke subsequently filed an age discrimination charge against NMCH and "Its Representatives" with the Kansas Commission on Civil Rights ("KCCR") and later with the Equal Employment Opportunity Commission ("EEOC"). Defendant, HCA Management Company, Inc. ("HMC") is a corporation which provides management personnel to NMCH. Following a finding of "no probable cause" by the KCCR, Rathke filed a complaint against both NMCH and HMC alleging that her termination and denial of promotion to a newly created position was due to her age in violation of the ADEA. Plaintiff further alleges that the reasons given for her termination were merely pretextual. HMC has moved that it should be dismissed from the plaintiff's action because Rathke did not specifically name HMC in her original charge with the KCCR.

The issue before the court on defendant's motion is whether the plaintiff's failure to name the defendant as a respondent in her discrimination charge deprives the court of jurisdiction over the plaintiff's action against the defendant. "Generally, a party not named in an EEOC charge is not subject to suit in a private action for the same conduct complained of in the charge." *Harris v. First Nat'l. Bank of Hutchinson, Kan.*, 680 F.Supp. 1489, 1495 (D.Kan. 1987) (citing *Haag v. Board of Educ.*, 655 F.Supp. 1267, 1273 (N.D.Ill.1987)). The requirement that a party be named in a charge is viewed as a jurisdictional prerequisite to the institution of a law suit. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980) (citation omitted). The purpose of this requirement is twofold. First, it provides the defendant with notice that its actions are the subject of an investigation, and secondly, it provides the defendant with an opportunity to participate

in the conciliation process with the EEOC. *Le Beau v. Libbey–Owens–Ford Co.*, 484 F.2d 798, 799 (7th Cir.1973).

However, in similar actions under Title VII, courts have recently held that the jurisdictional requirements for bringing suit under Title VII should be liberally construed. *Evans v. Sheraton Park Hotel*, 503 F.2d 177 (D.C.Cir.1974). Likewise, a liberal interpretation of the ADEA is appropriate for procedural issues in view of the "identical language and similar purpose of the two Acts." *Quinn v. Bowmar Publishing Co.*, 445 F.Supp. 780, 784 (D.C.Md. 1978).

Exceptions to the strict requirement that each defendant be specifically named in the discrimination charge have been recognized recently by the Tenth Circuit. In *Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir.1980), the court promulgated exceptions to the rule in instances where a complaint is written by a lay person "not versed either in technicalities of pleading or the jurisdictional requirements of the Act." *Id.* at 1311. This precedent is precisely applicable to the facts of this case. In the present case, Rathke filed her charge without the assistance of counsel. Similarly, in *Romero* the plaintiff, without the aid of legal counsel, failed to name individual defendants in her charge. The court held that plaintiff's failure to name the individual defendants in the charge was not fatal to a subsequent cause of action. The court concluded that Congress did not intend that the failure of a person filing charges to name every defendant mandates dismissal of a subsequent action. *Id.* In accordance with this reasoning, two recognized exceptions to the strict jurisdictional requirement are available. These exceptions are 1) when the plaintiff has informally referred to the defendant in the charge or 2) where there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.*

The plaintiff contends that there is a "sufficient identity of interest between the respondent and the defendant" to satisfy the above requirements. In analyzing the *identity of interest* four factors are dispositive. These are:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2) whether under the circumstances, the interests of a named are so similar as the unnamed party's that for purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero*, 615 F.2d at 1312–13.

The initial inquiry is whether the role of HMC could through reasonable effort by the complainant be ascertained at the time of filing of the KCCR complaint. The plaintiff alleges that the role of HMC was not known at the time the complaints were filed. Plaintiff further alleges that she attempted to remedy her ignorance of the existence of unknown parties by naming the hospital's "Representatives" as respondents. The court finds that the plaintiff meant to include anyone acting on behalf of the hospital when she named "Its Representatives," and further that the nature of the close relationship between HMC and the hospital made HMC's separate role in the dispute difficult to ascertain at the time the defendant filed her charge.

The second inquiry is whether, under the circumstances, the interests of NMCH are so similar as HMC's that for the purpose of obtaining conciliation and compliance, it would be unnecessary to include HMC in the KCCR proceedings. The plaintiff alleges that the hospital was under the direction and control of HMC. Accordingly, the goals of the hospital and HMC are the same ergo the management of the hospital's employees. The defendant does not

contest that it is involved in providing management and personnel to the hospital. Inasmuch as the dispute involves a management decision, the court finds that the interests are indeed similar as both HMC and NMCH are concerned with personnel decisions.

The third factor is whether HMC's absence from the KCCR proceedings resulted in actual prejudice to the interests of HMC. The plaintiff alleges that HMC's representatives acknowledged receipt of the complaint and that they even participated in the investigation. Defendant replies that the plaintiff has not produced any evidence that the representatives were "acting on behalf of HMC." In analyzing whether the representatives were cooperating on behalf of HMC or NMCH, the court finds that the capacity in which the representatives were responding is not dispositive on the issue of prejudice to the defendant. The court finds no prejudice in the fact that the representatives were responding on behalf of only one of the defendants.

Finally, the last factor is whether HMC has in some way represented to the complainant that its relationship with the complainant is to be through NMCH. On this point the court finds no direct evidence that HMC represented to the plaintiff that she should communicate to HMC through NMCH. However, the relationship of HMC to its codefendant, NMCH, was not so obvious that the plaintiff should have known that she would have to name HMC specifically in her charge. Moreover, the direct role of HMC in managing the hospital's personnel results in an implicit representation that the plaintiff's relationship with HMC or with the hospital may be through either defendant.

Therefore, because the plaintiff was without legal counsel at the time she filed her administrative charge, the strict requirement that the defendant be specifically named in the administrative charge is not mandated. Thus, the court will deny the motion of the defendant to dismiss.

IT IS BY THE COURT THEREFORE ORDERED that HCA Management Compa-

ny, Inc.'s motion to dismiss for lack of subject matter jurisdiction is denied.