Virgil **BUFFINGTON**, Plaintiff,

v.

**PHELPS DODGE CORPORATION,**
**John Strahan, and Antonio**
**Trujillo, Defendants.**

**No. Civ 89–1048 HB.**

United States District Court,
D. New Mexico.

Oct. 31, 1990.

See also 800 F.Supp. 951.

Beatriz V. Ferreira, Las Cruces, N.M., for plaintiff.

Michael D. Moberly, Ryley, Carlock & Applewhite, Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

BRATTON, District Judge.

This matter comes before the Court on defendants' motions for partial summary judgment and for summary judgment. In their motion for partial summary judgment, defendants assert that plaintiff's claims against John Strahan and Antonio Trujillo are procedurally barred, and plaintiff's claim for liquidated damages is time-barred. In their subsequent motion for summary judgment, defendants assert that all plaintiff's claims are barred by the applicable statutes of limitations. The Court, having reviewed the memoranda of the parties and the applicable law, finds that defendants' motion for partial summary judgment will be granted in accordance with this memorandum and that the motion for summary judgment will be denied.

This action arises out of an alleged violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The ADEA requires that before a person files a civil action against a party in federal court, he must file a charge with the Equal Employment Opportunity Commission (EEOC). Plaintiff, in the Charge of Discrimination he filed with the EEOC, named only Phelps Dodge as respondent. Defendants Strahan and Trujillo were not named in that Charge.

Although a plaintiff should name all defendants in his or her EEOC charge, a court is not automatically required to dis-

miss an action against unnamed defendants. *Romero v. Union Pac. Ry.*, 615 F.2d 1303, 1311 (10th Cir.1980); *Borumka v. Rocky Mountain Hosp. and Medical Serv.*, 599 F.Supp. 857, 859 (D.Colo.1984). In *Romero*, the Tenth Circuit set forth several factors for courts to consider when determining whether to dismiss. In the instant case, the *Romero* factors do require that the court dismiss this action against Strahan and Trujillo.[1]

The factors to consider are:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero*, 615 F.2d at 1312 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)).

■ First, it is clear from the complaint herein and plaintiff's affidavit submitted in opposition to the motion that plaintiff knew the roles of Strahan and Trujillo at the time he filed his EEOC complaint. Second, both Strahan and Trujillo have submitted undisputed affidavits indicating they were not involved in conciliation proceedings. *See Elbe v. Wausau Hosp. Center*, 606 F.Supp. 1491, 1499–1500 (W.D.Wis.1985); *Allen v.*

*Colgate–Palmolive Co.*, 539 F.Supp. 57, 68–70 (S.D.N.Y.1981) (dismissal of unnamed defendants required where unnamed defendants never given opportunity to conciliate); *cf. Smith v. Sentry Ins.*, 674 F.Supp. 1459, 1466 (N.D.Ga.1987) (dismissal unjustified in absence of determination that defendant had actual notice of EEOC charge and had an opportunity to be involved in conciliation).

Third, because Strahan and Trujillo were not named in the EEOC complaint and were not given an opportunity to conciliate, they have been prejudiced. They have not had the opportunity to settle, hire counsel, or otherwise protect their rights.[2] *See Harris v. First Nat'l Bank of Hutchinson, Kan.*, 680 F.Supp. 1489, 1496 (D.Kan.1987); *Duva v. Bridgeport Textron*, 632 F.Supp. 880, 883–84 (E.D.Pa.1985). Fourth, plaintiff has submitted no evidence indicating he was told he only needed to name Phelps Dodge or that Phelps Dodge somehow represented Strahan and Trujillo. *See Harris*, 680 F.Supp. at 1496.

Accordingly, the Court will grant summary judgment to defendants Strahan and Trujillo.

Defendant Phelps Dodge moves for summary judgment on all plaintiff's claims, asserting that the action is time-barred. The ADEA incorporates the statutes of limitations provisions of the Portal–to–Portal Pay Act of 1947, 29 U.S.C. § 255, *see* 29 U.S.C. § 626(e), and provides for a three-year period for willful violations and a two-year period for non-willful violations. The parties agree that plaintiff's cause of action accrued on January 9, 1986. This action was not filed until September 19, 1989, more than three years later.

---

**1.** On a motion for summary judgment, the court looks at the pleadings and documentary evidence in the light most favorable to the nonmoving party. *Thomas v. United States Dep't of Energy*, 719 F.2d 342, 344 (10th Cir.1983). However, summary judgment will be appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**2.** Although plaintiff indicates in his affidavit that he "personally notified Mr. Trujillo and Mr. Strahan that I was going to file against them with the EEOC for discrimination," there is no further indication that Trujillo and Strahan were informed that plaintiff actually did file against them. In fact, the EEOC Determination dated November 25, 1987, lists only Phelps Dodge as respondent.

Plaintiff argues that this Court should entertain his claim for a willful violation because the statute of limitations was tolled either by the EEOC's conciliation efforts or, in the alternative, the statute should be equitably tolled. He also asserts that his claim for a non-willful violation of the ADEA is not time-barred because it is covered by the Age Discrimination Claims Assistant Act of 1988 (ADCAA), Pub.L. No. 100–283, 102 Stat. 78 (April 7, 1988). The Court finds that the three-year statute of limitations has run and equitable tolling is not appropriate.[3] However, plaintiff's claim for a non-willful violation is covered by the ADCAA. Accordingly, as suggested in *EEOC v. Chrysler Corp.*, 729 F.Supp. 1002 (S.D.N.Y.1990), the Court will grant plaintiff leave to file an amended complaint alleging a non-willful violation.

The facts in the record bearing on the statutes of limitations are as follows. Plaintiff timely filed his charge with the EEOC on January 16, 1986. Exh. 1, Motion for Partial Summary Judgment. On May 7, 1986, the EEOC notified plaintiff it would not continue to process his claim, and he was free to file a civil action. Exh. 3, Motion for Partial Summary Judgment. At that time the EEOC informed plaintiff of the statute of limitations. On June 1, 1986, plaintiff wrote to the EEOC complaining of his treatment and requesting that the charge be reopened. Exh. 1, Motion for Summary Judgment. On June 26, 1986, the EEOC notified Phelps Dodge and plaintiff it would rescind its May 7th determination and resume the investigation. Exh. 3, Motion for Partial Summary Judgment. The next relevant communication occurred on November 25, 1987, when the EEOC issued its Determination finding evidence of an ADEA violation. Exh. A, Complaint. The Determination indicated that the statute of limitations would be tolled for up to one year (without saying for

whom), and that it would withhold notification to plaintiff of his right to sue for ten days. Plaintiff did not receive another communication until November 17, 1988, one year later. Exh. H, Response to Motion for Partial Summary Judgment. On that date, the EEOC advised plaintiff it was not going to sue on his behalf, but he could still sue under the ADCAA if he did so by September 28, 1989. On December 2, 1988, the EEOC notified attorneys for Phelps Dodge that conciliation efforts had failed and the EEOC would not institute any further action on the plaintiff's behalf. Exh. 4, Motion for Partial Summary Judgment. Plaintiff contacted his attorney in June 1988, Affidavit of Virgil Buffington, and filed his civil complaint on September 19, 1989.

The two-year statute of limitations for non-willful violations lapsed on January 9, 1988; the three-year statute for willful violations lapsed on January 9, 1989. The ADCAA extends the statute of limitations period for 540 days after April 7, 1988, for people who filed charges of ADEA violations after December 31, 1983. In order to claim the benefit of the ADCAA, a litigant must show that conciliation by the EEOC failed, and the litigant was not notified of the disposition of his charge and of his right to bring a civil action within the limitations period. Additionally, the statute of limitations must have lapsed on the claim prior to April 7, 1988. *See* Pub.L. No. 100–283, 102 Stat. 78 (April 7, 1988).

Because the three-year statute had not lapsed on April 7, 1988, plaintiff does not get the benefit of the ADCAA for his claim of willful violation. However, he was actively mislead by the EEOC in its letter of November 17, 1988. Neither the letter nor the attached "Fact Sheet" differentiated between the two and three year claims, and the letter expressly indicated the ADCAA allowed plaintiff to sue by September 28,

---

3. Section 626(e)(2) of the ADEA tolls the statute of limitations for up to one year while the EEOC attempts "to effect voluntary compliance ... through informal methods of conciliation, conference and persuasion...." The statute is tolled only when the EEOC brings a civil action; it is not tolled for the private litigant. *Hovey v. Lutheran Medical Center,* 516 F.Supp. 554 (E.D.N.Y.1981). The Court, therefore, did not consider that the statute was tolled by the EEOC's conciliation effort.

1989.[4] The Tenth Circuit has indicated that equitable tolling may be appropriate "when a plaintiff has been 'lulled into inaction by [the] past employer, state or federal agencies, or the courts.'" *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983) (quoting *Carlile v. South Routt School Dist. RE 3–J*, 652 F.2d 981, 986 (10th Cir.1981)).

Although one factor indicates that the statute should be tolled, other equitable factors lead the Court to a contrary conclusion. In *Gonzalez–Aller Balseyro*, 702 F.2d at 859, where the delay was only six days, the Tenth Circuit specifically found that the plaintiff did not "sleep on his rights," and there was no evidence of prejudice to the defendants. *See also Carlile*, 652 F.2d at 986 (equities do not favor tolling where plaintiff waited 69 days to take action when she was told she only had 90 days to act).

Plaintiff was not as diligent as he could have been in obtaining counsel and pursuing his rights. He received the misleading letter from the EEOC in November 1988, but the letter advised plaintiff to "consult with a private attorney as soon as possible." Plaintiff then waited seven months, until June 1989, to get counsel. He proffers no explanation for the delay. Had he indeed consulted promptly with an attorney, this action might have been filed by January 16, 1989, before the three-year statute ran.

Defendant has been prejudiced by this eight-month delay. If Phelps Dodge were found to have willfully violated the ADEA, its liability for damages would double for the eight-month period. *See Berndt v. Kaiser Aluminum & Chemical Sales, Inc.*, 604 F.Supp. 962 (E.D.Pa.1985) (finding of willful violation allows for liquidated damages, resulting in double damages). A "statute of limitations should not be tolled under circumstances that would seriously

prejudice a defendant who is not responsible for the delay." *Franklin v. Herbert Lehman College*, 508 F.Supp. 945, 951 (S.D.N.Y.1981).

Accordingly, defendant Phelps Dodge will be granted summary judgment on plaintiff's claim for a willful violation of the ADEA. However, the Court will allow plaintiff to amend his complaint, pursuant to Fed.R.Civ.P. 15(a), to allege a non-willful violation only. As explained below, plaintiff's claim for a non-willful violation satisfies the requirements of the ADCAA.

Phelps Dodge asserts that plaintiff's claim for a non-willful violation of the ADEA is not covered by the ADCAA. Phelps Dodge maintains that the EEOC letter of May 7, 1986, constituted notification to the plaintiff of the disposition of his charge and of his right to bring a civil action.[5] The Court finds, however, that given the circumstances surrounding this notification and its subsequent redaction by the EEOC, plaintiff was never properly notified by the EEOC of the disposition of his charge and his right to sue. In reaching its conclusion, the Court has looked to Congress' purpose in enacting the ADCAA and has kept in mind the Tenth Circuit's mandate to liberally interpret remedial and humanitarian legislation. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260–61 (10th Cir. 1976), *aff'd*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

Congress enacted the ADCAA to provide relief for persons whose ADEA claims lapsed because the EEOC either failed to act or allowed their action to expire. 134 Cong.Rec. H1251–02 (1988). Congress was concerned that the federal agency charged with enforcing the rights of older citizens was failing to carry out its mandate. *Id.* Mr. Buffington's case fits the EEOC pattern of inaction Congress addressed by the ADCAA.

---

**4.** The letter stated, "If your charge is covered by the [ADCAA], as it appears to be, you now have a right to sue under the ADEA so long as your lawsuit is filed by September 28, 1989. Section 7(c) of the ADEA, 29 U.S.C. § 626(c), provides that any person aggrieved may sue for appropriate relief, including backpay and employment,

reinstatement or promotion. If a willful violation is proved, you may recover an amount equal to back-pay as liquidated damages."

**5.** With respect to the non-willful violation and its two-year statute of limitations, all other requirements of the ADCAA are met.

The first action the EEOC took in the case was to institute an incomplete investigation and then inform Mr. Buffington it would do nothing for him.[6] Once the EEOC resumed the investigation, it took approximately two and one-half years to find the evidence of discrimination and then to complete the ultimately unsuccessful conciliation effort. Mr. Buffington was never informed before the statute ran that he should or was allowed to sue while the EEOC was still processing his case.

The May 1986 letter informed Mr. Buffington that the EEOC would no longer investigate his case and he had a right to sue. The letter did not tell him he had a right to sue even if the EEOC did continue the investigation. Once informed that the investigation would continue, Mr. Buffington received no further communication regarding his right to sue until the letter dated November 17, 1988, when the two-year statute had already lapsed. It is noteworthy that the EEOC indicated in its November 1987 Determination that it would hold off notifying plaintiff of his right to sue for ten days. The EEOC held off for a year and allowed the statute to run. Consequently, Mr. Buffington was never sufficiently notified of the disposition of his charge and his right to bring a civil action within the meaning of the ADCAA.

Defendant has alerted the Court to four cases in which courts have found plaintiffs' claims not covered by the ADCAA. The Court finds all four cases distinguishable. In *Czaplicki v. Sears Roebuck & Co.*, 53 Fair Empl.Prac.Cas. 1058, 1990 WL 115579 (N.D.Ill.1990), the court based its decision on the facts that plaintiff had retained an attorney prior to filing her charge with the EEOC, and the EEOC clearly notified the plaintiff that "notwithstanding any action by the EEOC, she was still entitled to file a lawsuit within the ADEA statutes of limitations." *Id.* at 1061. Mr. Buffington did not retain an attorney until after the EEOC

proceedings ended, and he was never clearly notified he had the right to sue regardless of any EEOC action. In the other three cases, the notice was also clear. "You are free to file a private suit at any time after the expiration of 60 days from the charge filing date above noted, *notwithstanding any action by the EEOC.*" *Turgeon v. Rush–Presbyterian–St. Luke's Medical Center*, 51 Fair Empl.Prac.Cas. 933, 1989 WL 157518 (N.D.Ill.1989) (emphasis added). *See also Schleiniger v. Des Moines Water Works*, 52 Fair Empl.Prac. Cas. 1745, 1746, 1990 WL 300258 (S.D.Iowa 1990) and *Smith v. Water Works*, 52 Fair. Empl.Prac.Cas. 1744, 1745, 1990 WL 300257 (S.D.Iowa 1990) ("You are free to file ... notwithstanding any action by the Commission or the state agency.").

NOW, THEREFORE,

IT IS ORDERED that defendants' motion for partial summary judgment be granted. Plaintiff's claims against defendants Strahan and Trujillo and for a willful violation of the ADEA are dismissed.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be denied.

Plaintiff is given 15 days from the date of entry of this order in which to amend his complaint in accordance herewith.

---

**6.** The EEOC reopened the case and ultimately found evidence of age discrimination, indicating the earlier investigation had indeed been incomplete.

Although plaintiff could have chosen to sue at that point, clearly so could have all the other claimants that Congress was seeking to protect when it enacted the ADCAA. The legislative history shows that Congress intended for the EEOC to be the primary enforcer of the ADEA. *See* 134 Cong.Rec. H1251-02 (1988).